**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/21/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN B. CHRISTIANSEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., THOMAS J. RIGA, and FRANCOIS J. LEBEL,<br><br>Defendants. | Case No. 1:22-cv-10292 (VEC)<br><br>Consolidated with:<br>Case No. 1:22-cv-10677 (VEC);<br>Case No. 1:23-cv-00767 (VEC) |

**NOTICE OF LEAD PLAINTIFF'S MOTION TO VACATE THE STAY OF ALL PROCEEDINGS**

PLEASE TAKE NOTICE that, pursuant to the Court's inherent powers and Federal Rule of Civil Procedure 16(b), Lead Plaintiff Steven B. Christiansen ("Lead Plaintiff") respectfully moves this Court, at a time and date to be designated by the Court, for an Order vacating this Court's November 6, 2024 Order staying all proceedings ("Nov. 6 Stay Order"). ECF No. 129.

In support of this motion, Lead Plaintiff submits the accompanying Memorandum of Law in Support of Lead Plaintiff's Motion to Vacate the Stay of All Proceedings. Lead Plaintiff also submits herewith a proposed form of the Order.

WHEREFORE, Lead Plaintiff respectfully requests that the Court vacate the Nov. 6 Stay Order, order the parties to submit an amended Civil Case Management Plan and Scheduling Order, and grant any such further relief that the Court may deem just and proper.

Dated:  April 17, 2025

Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

*/s/ Jeffrey P. Campisi*
Robert N. Kaplan
Jeffrey P. Campisi
Brandon Fox
Jennifer Ligansky
800 Third Avenue, 38th Floor
New York, NY 10022
T: (212) 687-1980
F: (212) 687-7714
rkaplan@kaplanfox.com
jcampisi@kaplanfox.com
bfox@kaplanfox.com
jligansky@kaplanfox.com

*Lead Counsel for Lead Plaintiff Steven B. Christiansen and the Proposed Class*

Application DENIED.  "One of the principal legislative purposes of the PSLRA was to prevent lawyer-driven litigation." *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 532 (S.D.N.Y. 2015). Nothing could undermine that purpose more clearly than allowing counsel to litigate a case on behalf of a Lead Plaintiff who may or may not continue as a party.

As the Lead Plaintiff notes in his brief, courts consider five factors when determining whether to issue a stay: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interest of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Pozo v. BlueMercury, Inc.*, 22-CV-7382, 2023 WL 4980217, at *6 (S.D.N.Y. Aug. 3, 2023).  All of these factors counsel in favor of continuing the stay.  If Mr. Christiansen is disqualified and the Court finds it appropriate to substitute the Lead Plaintiff, it will be up to the Court — not the current Lead Plaintiff's counsel — to make that appointment.  *See In re Snap Inc. Sec. Litig.*, 394 F. Supp. 3d 1156, 1158 (C.D. Cal. 2019) ("[M]erely accepting counsel's suggestion with input from no other potential lead plaintiff is contrary to the PSLRA, which, at a minimum, requires that a potential lead plaintiff either file a complaint or make a motion to serve as lead plaintiff within 60 day of being provided notice of the lawsuit." (cleaned up)).  It is entirely unknown whether that person's preferences as to how to proceed with this case will align with those of the current Lead Plaintiff.  It is not in the interest of the parties, this Court, the putative class, or anyone else to continue with discovery in the face of such uncertainty.

SO ORDERED.

*[signature]*

4/21/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE